**UNITED STATES of America,**

v.

**David Charles WRAY, Norman Ransom, Carmelita Francis Grant, Sean Brockington, Angela Richard, Douglas Eric Farrow and John Doe, a/k/a "Leroy", Defendants.**

**No. 90 Cr. 863 (RPP).**

United States District Court, S.D. New York.

May 11, 1991.

---

**4.** Moreover, in opposing First Blood's motion, the Investors have at least tacitly admitted that they relied on a mistaken belief that New York's six year limitations period applied to their claims.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City by Jonathan Rosenberg, Asst. U.S. Atty., for Government.

Lawrence K. Feitell, New York City by Lawrence K. Feitell, for David Charles Wray.

Terry Lavenstein, Baltimore, Md. by Terry Lavenstein, for Norman Ransom.

The Legal Aid Soc., Federal Defender Service Unit, New York City by Ian Weinstein, for Carmelita Francis Grant.

Paul R. Kramer, Baltimore, Md. by Paul R. Kramer, for Sean Brockington and Angela Richard.

Miller & Getz, Jappa, Md. by John R. Getz, for Douglas Eric Farrow.

### OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

A superseding indictment filed February 12, 1991 charges defendants with conspiring to possess heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Count 2 charges defendant Norman Ransom ("Ransom") with illegal use of a firearm in relation to a crime of drug trafficking under 18 U.S.C. § 924(c)(1).

On May 6, 1991 the Court heard oral argument on various motions filed by defendants Carmelita Francis Grant ("Grant"), Ransom, Sean Brockington ("Brockington") and Angela Richard ("Richard"). The Court reserved decision on the motion of Grant, joined by Ransom, Brockington and Richard, to compel the Government to disclose the identity, social security number, address and criminal history of the Government's confidential informant ("C/I") or, in the alternative, to make him available for counsel to interview pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

The original complaint, filed Nov. 28, 1990, alleges that in November 1990 the C/I spoke on the telephone with defendant Charles David Wray ("Wray") regarding the sale of three kilograms of heroin. Complaint ¶ 1. On November 26, 1990 the C/I allegedly met with Wray and an unidentified white male in midtown Manhattan and agreed meet the following day when Wray would deliver one kilogram of heroin in exchange for a down payment of $20,000 from the C/I. *Id.* ¶ 2. The complaint further alleges that on November 27, 1990 the C/I met with Wray and Ransom at the same location and walked to a parked car in which Grant was sitting. *Id.* ¶ 3. Ransom allegedly said that Grant knew what was going on, picked up Grant's purse which contained $20,000 in cash and showed it to the C/I. *Id.* Law enforcement agents immediately moved in and arrested Wray, Ransom and Grant. *Id.* ¶ 4.

The Government has stated that the C/I will be a witness at trial. The Court takes judicial notice of the potential danger to such witnesses at trial in narcotics cases of this magnitude and the need to ensure the integrity of other undercover operations in which the C/I may be involved. Under such circumstances the rule in this circuit is that disclosure of the identity or address of a confidential informant is not required prior to trial unless the informant's testimony is shown to be "material to the defense." *See United States v. Saa,* 859 F.2d 1067, 1073 (2d Cir.1988), *cert. denied,* 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989). Even where the informant was both a witness to and participant in the transactions charged, disclosure is not re-

754

quired where the defense has failed to show that the informant's testimony "would [be] of even marginal value to the defendant's case." *United States v. Jimenez,* 789 F.2d 167, 170 (2d Cir.1986). In this case defendants have failed to make any showing apart from bare assertions that the testimony of the C/I would be material to their defense. Accordingly, defendants' motion is denied.

IT IS SO ORDERED.